IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CESAR CONTRERAS-OROSCO, #55679-177, Movant, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:23-CV-00186-M-BK (CRIMINAL NO. 3:17-CR-00258-M-1) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Movant Cesar Contreras-Orosco's pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and the Government's motion to dismiss as time barred. Doc. 10.  Upon review, the Government's motion is **GRANTED** and the § 2255 motion is **DISMISSED WITH PREJUDICE** as time barred.

### I.  BACKGROUND

Movant pleaded guilty to Illegal Reentry after Removal and Felon in Possession of a Firearm and was sentenced to concurrent terms of 120 months' imprisonment.  Crim. Doc. 55 at 1-3.[1]  His conviction was affirmed on direct appeal on January 28, 2020.  *See United States v. Contreras-Orosco*, 791 Fed. App'x 489 (5th Cir. 2020) (per curiam).

On January 24, 2023, Movant filed this motion under 28 U.S.C. § 2255 asserting that subsequent changes in the law, specifically the Supreme Court's decision in *Bruen*, retroactively render his conviction for Felon in Possession of a Firearm unconstitutional and his motion timely under 28 U.S.C. § 2255(f)(3).[2]  Doc. 1.  Movant later filed an amended § 2255 motion.  Doc. 4.

---

[1] All "Crim. Doc." Citations refer to the related criminal case, *United States v. Contreras-Orosco*, No. 3:17-cr-00258-M-1.  And all "Doc." Citations refer to this § 2255 case.
[2] *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 597 U.S. 1 (2022).

The Government then moved to dismiss, contending § 2255(f)(3) does not reset the one-year statute of limitations period. Doc. 10. Movant has not filed a reply.

After review of all pleadings and the applicable law, the court concludes that Movant's § 2255 motion is barred by the applicable limitations period and should therefore be dismissed.

**II.   ANALYSIS**

**A.  The § 2255 Motion is Time Barred**

A motion under 28 U.S.C. § 2255 is subject to a one-year limitations period, which begins to run from the latest of the following:

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant does not dispute that his motion is untimely under § 2255(f)(1) because it was filed more than one year after his conviction became final. He relies instead on § 2255(f)(3) to overcome the one-year limitations period. Doc. 4 at 11. Movant maintains that the Supreme Court decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), created a new

rule of constitutional law that applies retroactively for purposes of § 2255(f)(3). Doc. 4 at 11; Doc. 5 at 27.

Movant's reliance on § 2255(f)(3) is unavailing. Under that section, § 2255 applicants have "one year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting 28 U.S.C. § 2253(f)(3)). Section 2255(f)(3) applies only if the right has been (1) "newly recognized" by the Supreme Court and (2) made retroactively applicable to cases on collateral review. *Id*. at 358. To decide "whether the Supreme Court initially recognized the asserted right, and thus whether the § 2255(f)(3) clock has been reset," the court must first "determine if a case announces a 'new rule' that may be asserted retroactively on collateral review." *United States v. London*, 937 F.3d 502, 506 (5th Cir. 2019) (citations omitted). "'[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government.'" *Id.* at 507 (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)).

*Bruen* did not announce a "new rule" invalidating 18 U.S.C. § 922(g)(1), the federal statute that prohibits felons from possessing firearms. The Supreme Court in *Bruen* stated plainly that the Second Amendment does not protect the rights of felons, but rather the rights of "ordinary, law-abiding citizen[s]…." 597 U.S. at 1, 9. In *District of Columbia v. Heller*, the Supreme Court recognized "longstanding prohibitions on the possession of firearms by felons" as lawful limitations on the right to bear arms. 554 U.S. 570, 626-27 (2008); *see also McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010) (Alito, J.) (plurality opinion) (same). Even the dissent in *Bruen* acknowledged that the opinion "cast[s] no doubt on that aspect of *Heller*'s holding"

...

prohibiting felons from possessing firearms. *Bruen*, 597 U.S. at 129 (Breyer, J., joined by Sotomayor and Kagan, JJ., dissenting).

The Fifth Circuit Court of Appeals did the same in its recent decision in *United States v. Diaz*, No. 23-50452, ___ F.4th ___, 2024 WL 4223684, at *9 (5th Cir. Sept. 18, 2024). The Court applied the historical analysis required by *Bruen* and refined in *United States v. Rahimi*, 602 U.S. ___, 144 S. Ct. 1889 (2024). In doing so, the Court found that the regulation of firearm possession by felons is "consistent with this Nation's historical tradition of firearm regulation." *Id.* The Court thus rejected facial and as-applied challenges to 18 U.S.C. § 922(g)(1). *Id.*

Likewise, district judges in this District have held that § 922(g)(1) "passes constitutional muster" post *Bruen*. *See United States v. Robinson*, 680 F. Supp. 3d 737, 740-41 (N.D. Tex. 2023) (Godbey, J.); *United States v. Zelaya Hernandez*, 678 F. Supp. 3d 850, 858 (N.D. Tex. 2023) (Boyle, J.); *United States v. Thenstead*, No. 3:22-CR-00359-E, 2023 WL 8850766, at *5 (N.D. Tex. 2023) (Brown, J.).

Recently, this court has also found that the holding in *Bruen* does not reset the statute of limitations under § 2255(f)(3) because "*Bruen* did not announce a new rule that may be asserted retroactively on collateral review." *Davis v. United States*, No. 3:23-CV-2104-D, 2024 WL 2854268, at *2 (N.D. Tex. June 5, 2024) (Fitzwater, J.). Other courts have reached the same conclusion. *See Najar v. Cox*, No. 2:23-CV-00015, 2023 WL 11857604, at *8 (S.D. Tex. Mar. 16, 2023) (concluding "*Bruen* did not recognize a new right" and no court has held that it applies retroactively to cases on collateral review), *R.&R. adopted*, No. 2:23-CV-00015, 2023 WL 11857650 (S.D. Tex. Apr. 12, 2023).

In sum, § 2255(f)(3) is inapplicable here.  Thus, Movant's § 2255 motion is clearly outside the one-year limitations period.

### B.  There is No Basis for Equitable Tolling

Movant posits no facts from which the court can find that equitable tolling applies here. When prompted to explain why his § 2255 was untimely, Movant asserts simply that he (1) speaks only Spanish, (2) was "fully guided, assisted, and helped 100% for this entire 2255 process by an [E]nglish (only) jail house lawyer," and (3) did not have "a copy of all [his] original filing[s]." Doc. 4 at 11.  Movant also notes that the week before he mailed his § 2255 motion, his unit was on "a prison-wide lock down," which further delayed the mailing of his § 2255 motion.  *Id.*

Even when liberally construed, Movant presents no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (finding that equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (cleaned up and citation omitted)).  Further, neither his unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance warranting equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (holding lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).  A limited education and the inability to speak or read the English language are disabilities common to many incarcerated persons and, as such, they do not justify equitable tolling.  *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("It is irrelevant whether the unfamiliarity [with the law] is due to illiteracy or any other reason.").

Also unavailing are Movant's conclusory assertions that he did not have "all original filing[s]" and that his unit was on lock-down for a week before he could mail his § 2255 motion. Doc. 4 at 11. Simply stated, Movant does not allege, much less prove, any causal link between either of those impediments and his inability to file a timely § 2255 motion.

Accordingly, Movant has not carried his burden of establishing that equitable tolling is warranted here. *Petty*, 530 F.3d at 365. His § 2255 motion should thus be dismissed.

### III.   CONCLUSION

For all these reasons, the Government's motion to dismiss is **GRANTED** and the § 2255 motion is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

SO ORDERED this 27th day of September, 2024.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE